**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HERBY WENDY MONDELY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 3:26-1411 & 3:26-1881 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court are two separately filed immigration habeas petitions pertaining to the same Petitioner, Herby Wendy Mondely, a 34-year-old native of Haiti who is detained at Moshannon Valley Processing Center: a counseled amended habeas petition filed on his behalf by his wife and next friend Maude Jean at Civil Action No. 3:26-cv-1411, ("Next Friend Petition"); and a pro se action filed by Petitioner himself at Civil Action No. 3:26-cv-1881, ("Pro Se Petition"). The Supreme Court of the United States has held that in order to establish standing to bring a petition as next friend on behalf of another person, the next friend must: (1) "provide an adequate explanation such as inaccessibility, mental incompetence, or other disability why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) demonstrate that she is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Since the Pro Se Petition has been filed by Petitioner himself and he has appeared in court to prosecute the action, the first element is not satisfied, and the Court must find that his wife and next friend lacks standing to pursue the separate habeas petition.[1] *See e.g., Renalson v. Warden Pike County Correctional Facility*, Civ. A. No.

[1] The Court further notes that the second element is not met because counsel has litigated positions which are inconsistent with the request in the Pro Se Petition that he be provided a bond hearing and the statement that Petitioner filed an appeal challenging his removal order. (Civ. A. No. 3:26-1881, Docket No. 1). In this regard, counsel has

1:26-cv-805, 2026 WL 1396679, at *1 (M.D. Pa. May 19, 2026) (Wilson, J.) (noting that in response to next friend petition, court issued a rule to show cause directing the next friend to demonstrate standing or for the petitioner to file a case in his own name and then proceeding to adjudicate the subsequently petition filed by the pro se petitioner); *McCray, as next friend for Woodrow Miller, v. Scott*, No. 25-cv-15809, 2026 WL 2568779, at *4 (D. N.J. Aug. 31, 2026) (citing *Woodruff v. Mukasey*, No. 08-4045, 2008 WL 4450325, at *1 (N.D. Cal. Sept. 30, 2008) (denying next-friend status and dismissing petition for lack of standing where the real party had himself filed prior habeas petitions)). With that said, the Court has reviewed the documents from Petitioner's immigration case and the arguments set forth in the briefing on the Next Friend Petition, including the Respondents' concessions, and they inform the analysis of his Pro Se Petition discussed below. Thus, the Next Friend Petition will be dismissed, without prejudice and an appropriate Order will be entered at Civ. A. No. 3:26-1411.

As to the habeas claims, the documents from Petitioner's immigration case establish that he entered the United States on an unknown date and time in 2021 without admission or inspection. (Civ. A. No. 26-1411, Docket No. 10-1 at 28-31). He was traveling with his wife, a citizen of Haiti and their minor child, a citizen of Chile. (*Id.*). Petitioner was encountered by U.S. Border Patrol on September 29, 2021 near San Luiz, Arizona, provided with a Notice to Appear, and

---

made the following arguments which are inconsistent with the pro se filing: on August 13, 2026, counsel stated that "Mondely has not asked the Court afford him a bond hearing before an immigration Judge" (Civ. A. No. 3:26-1411, Docket No. 12 at 1); on August 14, 2026, counsel filed an amended petition before the Court could rule on the initial petition removing language challenging his detention without a bond hearing, (*id.*, Docket No. 13); and on September 9, 2026, counsel filed a Reply stating that "because the Immigration Judge's August 24, 2026, removal order has rendered Mondely non-releasable on bond pursuant to 8 U.S.C. 1231(2)(A), he properly seeks habeas relief to gain his release from illegal immigration detention," (*id.*, Docket No. 20 at 2). The Court has also reviewed the claims set forth in the Next Friend Petition and they would be dismissed because: (1) TPS has been terminated for Haiti; and, (2) he lacks standing to challenge the appointment of active military lawyers as immigration judges given his admission that the IJ handling his case was not an active military officer and his claim contesting those appointments raise federal statutory and/or constitutional claims that are not cognizable in a habeas petition. *See e.g., Khalil v. President of the United States*, 164 F. 4th 259, 276-82 (3d Cir. 2026) (district court lacks jurisdiction in habeas to decide statutory or constitutional challenges that may be raised in petition for review before immigration court).

placed in removal proceedings. (*Id.*). His immigration case was administratively closed for a period of time. (Civ. A. No. 26-1411, Docket No. 10-1 at 8-9; 14-15). Petitioner was approved for TPS on December 5, 2023 for a period ending in 2024. (Civ. A. No. 26-1411, Docket No. 10-1 at 32-34). Although he had filed a I-821 application to renew his TPS, (*see id.*), the Government subsequently terminated the TPS designation for Haiti. *See Mullin v. Doe*, 609 U.S. ___, 146 S. Ct. 2121 (June. 25, 2026).

On June 30, 2026, Petitioner was encountered by ICE agents after a traffic stop in York, Pennsylvania and arrested. (Civ. A. No. 3:26-1411, Docket No. 10-1 at 32-34). He was served with a new Notice to Appear and his removal proceedings were reinitiated. (*Id.*). Petitioner has remained detained without a bond hearing since his arrest. (Civ. A. No. 3:26-1881, Docket No. 1 at ¶ 11). He had a merits hearing before an IJ on August 18, 2026 at which time he was ordered removed to Haiti. (Civ. A. No. 3:26-1411, Docket No. 14-2). To that end, the Order of the Immigration Judge dated August 24, 2026 states that the IJ pretermitted his application for asylum, and withholding of removal under INA or CAT and that he was ordered removed to Haiti. (*Id.*). Petitioner then filed an appeal to the Board of Immigration Appeals on September 10, 2026, which remains pending, and it is unknown how long it will be until he receives a decision. (Civ. A. No. 3:26-1881, Docket No. 1 at ¶ 11).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing or release from custody. (Civ. A. No. 3:26-1881, Docket No. 1 at ¶ 6). Respondents filed a response to the Next Friend Petition in Civ. A. No. 3:26-1411 conceding that this is a *Hurtado/Q. Li* case, acknowledging that this Court is bound by the Third Circuit's decision in *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) and advocating that

the Court should grant Petitioner a prompt bond hearing pursuant to 8 U.S.C. § 1226(a) but deny further relief sought therein. (Civ. A. No. 3:26-1411, Docket No. 19). In light of these concessions, the Court does not believe that directing the Respondents to file the same brief in response to the Pro Se Petition is necessary.

After careful consideration of the parties' positions, the binding authority from the U.S. Court of Appeals for the Third Circuit in *Buele Morcho* and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 29th day of September, 2026,

IT IS HEREBY ORDERED that Petitioner's Pro Se Petition (Civ. A. No. 3:26-1881, Docket No. 1) is GRANTED, IN PART and DENIED, IN PART. Said Pro Se Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

---

[2] *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026); *Lopez Garcia v. Guadian et al.*, No. 25-7044, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

[3] *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS FURTHER ORDERED that within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that the Pro Se Petition (Civ. A. No. 3:26-1881, Docket No. 1) is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing;

IT IS FURTHER ORDERED that Petitioner's Pro Se Motion to Expedite and for a Temporary Restraining Order (Civ. A. No. 3:26-1881, Docket No. 2) is DENIED, as moot; and,

An appropriate Order will be issued dismissing Civ. A. No. 3:26-1411 and Judgment will be entered in Civ. A. No. 3:26-1881.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record

cc: Herby Wendy Mondely
A# 220-756-563
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
PHILIPSBURG, PA 16866 (via first class mail)