**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HERBY WENDY MONDELY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-1411 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER OF COURT**

AND NOW, this 26th day of October, 2026, upon consideration of the Motion of Petitioner/Plaintiff Herby Wendy Mondely to Alter or Amend Judgment and Supporting Memorandum of Law, (Docket No. 26), and Motion for Preliminary Injunction and Supporting Memorandum of Law, (Docket No. 29), filed by counsel on behalf of Petitioner by his wife and Next Friend, Maude Jean, wherein they challenge the Court's September 29, 2026 Memorandum and Order, (Docket Nos. 24, 25), holding that Petitioner was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing and directing that Petitioner be afforded a bond hearing per his request in a pro se Petition filed at Civ. A. No. 3:26-cv-1881 and dismissing the Next Friend Petition filed at the above-case number, without prejudice, as counsel had not sufficiently demonstrated next friend standing and had set forth contradictory allegations to the pro se Petition and the Response in Opposition filed by Respondents, (Docket No. 31), wherein they assert that Petitioner's order of removal has now been made final such that he is subject to detention under 8 U.S.C. § 1231(a) pending his removal, providing an additional ground to dismiss the Next Friend Petition and further advocate that Petitioner has not established that reconsideration of the Memorandum Order is warranted as the Court set forth sufficient bases for granting a bond hearing

and dismissing the Next Friend Petition, and after evaluating Petitioner's Motion under Rule 59 and the standard governing such motions, *see Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999),

IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Judgment [26] is DENIED as counsel and Ms. Jean have not met their heavy burden to set aside the dismissal of this action, particularly as the Court ordered that Petitioner be afforded a bond hearing, which was completed, (*see* Docket No. 31-2), and Petitioner is now subject to a final order of removal and detention under § 1231(a) such that any challenge to his pre-removal order detention is now moot, *see Ishanov v. Warden*, No. 3:26-cv-00492, ECF No. 16, at 3–5 (W.D. Pa. Aug. 3, 2026) (Haines, J.) ("Because he is no longer detained under the pre-final order authority challenged in the Petition, the Court can no longer grant effective relief from that earlier custody. Any due process violations Petitioner suffered before his removal order became final would not alter the independent statutory authority governing his present post-final order detention."); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (noting that while the appeal was pending, the order of removal became final and the petitioner's detention switched from § 1226 to § 1231 and that "insofar as [petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction.");

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction [29] is DENIED, as moot, and without merit, as the Court lacks jurisdiction to enjoin an alien's removal from the United States. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section... no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to ... execute removal orders"); *see also Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026); and,

IT IS FURTHER ORDERED that this case shall remain CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record